**Jose Luis PENA, Plaintiff-Appellee,**

v.

**SEGUROS LA COMERCIAL, S.A.,
Defendant-Appellant.**

No. 83–1928.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1985.

Decided Sept. 4, 1985.

Bryce C. Anderson, Concord, Cal., for plaintiff-appellee.

Jose Luis Pena, pro se.

A. Alan Hanshaw, Carolyn Knoblock, John Iurino, Waterfall, Economidis, Caldwell & Hanshaw, Tucson, Ariz., for defendant-appellant.

Before BARNES and WALLACE, Circuit Judges, and STEPHENS, Senior District Judge.[*]

BARNES, Senior Circuit Judge:

This is an appeal by Seguros La Comercial, S.A., a Mexican corporation ("Seguros") from an April 4, 1983 order of the United States District Court for Arizona, denying appellant's motion, made under Fed.R.Civ.P. 60(b),[1] to set aside a default judgment. The default judgment was obtained by Appellee Jose Luis Pena ("Pena") on December 13, 1982, after Seguros failed to answer or appear in Pena's action for tortious breach of insurance contract, which was based upon diversity of citizenship, 28 U.S.C. § 1332. We affirm.

## I. BACKGROUND

Pena, a twenty-two year old part-time University of Arizona student, purchased a two-day insurance policy on his automobile on April 9, 1982, prior to entering Mexico for a weekend trip from Tucson, Arizona to Puerto Penasco, Mexico. This insurance policy, which provided personal liability and bodily injury coverage while in effect, was issued by Seguros, and purchased from the Gringo Pass Insurance Agency in Lukeville, Arizona. The Gringo Pass Insurance Agency is a broker authorized to sell the Seguros policies in Arizona. In addition, the automobile which was owned by Pena and his mother, was covered by an insurance policy issued by Allstate Insurance Company of Chicago, Illinois.

On April 10, 1982, while Pena was in Mexico en route to Puerto Penasco, another vehicle crossed the center divider of the highway and struck the Pena family automobile. The collision totally destroyed the family's automobile and injured Pena and his two passengers. Pena filed an accident report with police at the scene of the accident.

Thereafter, Pena spoke with and notified a Seguros agent in Puerto Penasco of the accident. The name and address of this Seguros agent appeared on a pamphlet sta-

---

[*] The Honorable Albert Lee Stephens, Senior United States District Judge for the Central District of California, sitting by designation.

1. Fed.R.Civ.P. 60(b):

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court....

pled to the front of Pena's policy at the time it was purchased, and the pamphlet indicated that the individual with whom Pena spoke was an authorized claims representative for Seguros.

Upon returning to Arizona after the accident, Pena stopped at the Lukeville office of the Gringo Pass Insurance Agency from which he had previously purchased the Seguros policy, and notified an employee of that office of the accident. Pena was informed by both the claims representative in Puerto Penasco and the employee at the Gringo Pass Insurance Agency that he would be sent the necessary papers and claim forms to be completed and filed with Seguros.

Thereafter, Pena attempted on numerous occasions to notify Seguros of the accident and obtain payment under the policy. He submitted claim forms and accident and police reports and sent certified letters to Seguros' Mexico City office, requesting payment. The letters were sent to both the Mexico City address, which was provided on the Seguros claim forms, and also to the address which Seguros provided to the Arizona Department of Insurance. Pena also re-contacted the Gringo Pass Insurance Agency and Seguros' authorized claims representative in Puerto Penasco, Mexico.

Pena put the Gringo Pass Insurance Agency on notice, also sending notice to Seguros at its Mexico City office, of his intent to file a civil action for bad faith against Seguros unless a response was forthcoming. On August 10, 1982, having received no satisfactory response or payment on his claim from Seguros, Pena filed a pro se complaint in the federal district court in Arizona, claiming bad faith tortious breach of insurance contract, and seeking compensatory and exemplary damages.

Pena served the summons and complaint on the Arizona Department of Insurance ("Department"), as Seguros' authorized agent for receipt of service, on August 11, 1982, and on August 12, 1982, the Department forwarded these documents by registered mail to Seguros at the incorrect Mexico City address Seguros had left on file with the Department. After the documents were returned undelivered to the Department, Pena served a summons and complaint on Milton Silverman, a Seguros salesman in Tucson, and he filed an affidavit of service on Silverman with the district court clerk. Pena also advised by telephone the Seguros agent in Tijuana, Mexico, of the filing of the complaint, and confirmed the telephone conversation in writing to Seguros' Mexico City office. This written communication was never acknowledged.

In addition to the above attempts by Pena and the Department to serve Seguros, the Clerk of the district court attempted to serve the summons and complaint on Seguros, by registered mail to its Mexico City address, on September 30, 1982. However, this attempt at service was returned, unexecuted, to the district court.

During the pendency of this action, Pena recovered the amount of his loss from the accident under an Allstate policy carried by the driver of the automobile which struck the Pena family vehicle. Upon recovering his damages from Allstate, Pena signed a release form thereby absolving Allstate from any further liability.

After Seguros failed to answer or appear, the district court held a hearing on Pena's motion for default judgment, and granted the motion on December 13, 1982. The district court found that Pena had effectively served Seguros, under Arizona law, by serving the Arizona Department of Insurance,[2] and that he had given actual notice to Seguros of the pendency of the action.

The district court awarded Pena $18,000 compensatory damages, which consisted of $12,000 for damage to his automobile plus

---

**2.** We agree with the district court finding that service was effective under either Ariz.Rev.Stat. § 20–403(C), or § 20–221. We note that Seguros does not challenge the correctness of this finding, but rather argues that it lacked actual knowledge of the pendency of the action.

$2,000 each for bodily injury to Pena and his two passengers, neither of whom were included as parties in Pena's suit. In addition, the court awarded Pena $10,000 exemplary damages for Seguros' bad faith, plus court costs and interest on the judgment.

Seguros moved to vacate the default judgment under Fed.R.Civ.P. 60(b), on February 16, 1983, and the district court denied the motion. The court entered its findings on April 4, 1983, and at that time set aside $4,000 of the award of compensatory damages, thereby disallowing Pena's recovery for bodily injury to his two passengers, which was not properly recoverable under the policy. Seguros filed a timely notice of appeal.

## II.  DISCUSSION

We must resolve two issues in this appeal:

(1) Whether the district court abused its discretion by denying Seguros' motion to vacate the default judgment; and

(2) Whether this appeal is frivolous thereby entitling Pena to attorneys' fees.

### A.  Standard of Review

■ We review the district court's grant or denial of a motion to vacate a judgment under Rule 60(b) for an abuse of discretion, *Plotkin v. Pacific Telephone & Telegraph Co.,* 688 F.2d 1291, 1292 (9th Cir.1982), and we will reverse a ruling on such motions under Fed.R.Civ.P. 60(b) "only upon a *clear showing* of abuse of discretion." *Ellis v. Brotherhood of Railway, Airline & Steamship Clerks,* 685 F.2d 1065, 1071 (9th Cir.1982) (emphasis added); *affirmed in relevant part,* 466 U.S. 435, 104 S.Ct. 1883, 80 L.Ed.2d 428 (1984).

### B.  Policy Considerations

■ While a district judge has discretion to grant or deny a Rule 60(b) motion to vacate a default judgment, that discretion is limited by two important policy considerations. First, Rule 60(b) is remedial in nature and therefore must be liberally applied. *See Patapoff v. Vollstedt's, Inc.,* 267 F.2d 863, 865 (9th Cir.1959). Second,

default judgments are generally disfavored. Whenever it is reasonably possible, cases should be decided upon their merits. *Id.* As a consequence of these two policies, " '[w]here timely relief is sought from a default judgment *and the movant has a meritorious defense,* doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.' (7 J. Moore, Fed. Prac. ¶ 60.19, at 232–233; *Butner v. Neustadter, supra,* 324 F.2d at 786)." *Schwab v. Bullock's, Inc.,* 508 F.2d 353, 355 (9th Cir.1974).

■ The appellant relies heavily on *Schwab v. Bullock's, Inc., supra,* and several other cases which were decided before it. However, although this court is still influenced by the policies relied upon in *Schwab,* the test has been refined to reflect the competing policy that a motion to vacate does not become a substitute for appeal. *See Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984) (per curiam). *See also Inryco, Inc. v. Metropolitan Engineering Co.,* 708 F.2d 1225, 1230 (7th Cir.) (need "extraordinary circumstances" to vacate default judgment), *cert. denied,* —— U.S. ——, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983). A district court has discretion to deny a rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced by granting it, (2)· the defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. *Falk,* 739 F.2d at 463.

This test is consistent with this Circuit's recent en banc statement on the importance of finality:

> there is a compelling interest in the finality of judgments which should not lightly be disregarded. *See Matton Steamboat Co. v. Murphy,* 319 U.S. 412, 415, 63 S.Ct. 1126, 1128, 87 L.Ed. 1483 (1943) (per curiam); *Hernandez-Rivera v. Immigration & Naturalization Service,* 630 F.2d 1352, 1354 (9th Cir.1980); *Selph v. Council of City of Los Angeles,* 593 F.2d 881, 882 (9th Cir.1979).

*Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983) (en banc).

## C. The Test Under Rule 60(b) and Its Application

In order to uphold the district court's denial of Seguros' motion to vacate the default judgment under Rule 60(b), we must decide (1) whether Pena will be prejudiced if the motion to vacate the default judgment is granted; (2) whether Seguros has a meritorious defense; and (3) whether culpable conduct of Seguros led to the default. *Falk v. Allen,* 739 F.2d at 463. (citing *Gross v. Stereo Component Systems,* 700 F.2d 120, 122 (3d Cir.1983); *United Coin Meter v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir.1983)). Because we conclude that Seguros' culpable conduct led to the default, we need only consider the third part of the above test in order to uphold the district court.

The question of whether Seguros' conduct was culpable and led to the default judgment turns on whether or not it received actual or constructive notice of the filing of this action.

The district court found that Seguros had received actual notice of the pending claim against it, and that the address to which the summons and complaint was sent was the address furnished by Seguros to the Arizona Department of Insurance. However, it is not clear from the record whether Seguros did in fact receive actual notice. The record does not contain any copies of Pena's confirmatory letters or any acknowledgement by Seguros representatives of receipt of notice. Therefore, we can find no support for the district court's finding that Seguros had actual notice of this action.

█ Notwithstanding the fact that Seguros did not have actual notice, the district court properly applied state procedural law for service of process, under Fed.R.Civ.P. 4(c)(2)(C), and held that under Ariz.Rev. Stat. § 20–403(C) or § 20–221, the service was effective. We agree. Therefore, Seguros had constructive knowledge of this action through the service of process to the Arizona Department of Insurance.

█ Although it is unclear from the record, it appears that Seguros did not learn of Pena's action from the Arizona Department of Insurance.[3] However, in addition to complying with the service requirements of either Ariz.Rev.Stat. § 20–403(C) or § 20–221, Pena attempted repeatedly by mail and telephone to notify Seguros' Mexico City office, and its agent in Tijuana, of the filing of the complaint. The fact that Seguros provided both Pena and the Arizona Department of Insurance with the incorrect address is its own fault. We do not find Seguros' failure to provide its correct address to parties with whom it does business to constitute excusable neglect, thereby allowing it relief from default in this action under Rule 60(b).

Since Seguros desires to do business in the state of Arizona it has a duty to comply with the laws of that state. Part of that duty is to keep the Department of Insurance apprised of its correct address. Seguros failed to do so, and we find this conduct to be culpable.

## D. Attorney's Fees

Pena alleges that Seguros has taken a frivolous appeal and he requests that we award him attorney's fees and treble damages. However, he cites no cases in support of his request for treble damages, and we cannot agree that this appeal is frivolous.

█ An appeal is frivolous when the result is obvious or the arguments advanced are wholly without merit. *Taylor v. Sentry Life Insurance Co.,* 729 F.2d 652, 656 (9th Cir.1984) (per curiam). This appeal is not such an appeal, and we addi-

---

**3.** The Department forwarded the summons and complaint which it received from Pena to Seguros by registered mail to the Mexico City address which Seguros provided to the Department. A deposed Department employee testified that receipt by Seguros was never acknowledged. Since the department never received a return of the registered receipt, we can only infer that Seguros received the summons and complaint which was sent by the Department. Nonetheless, this does not provide us with any substantive proof that Seguros did in fact learn of Pena's action from the Department.

tionally note that pro se litigants are not entitled to attorney's fees without express statutory authorization. *See Hannon v. Security National Bank,* 537 F.2d 327, 328–29 (9th Cir.1976). *See also Ellis v. Cassidy,* 625 F.2d 227, 230 n. 2 (9th Cir. 1980) (noting traditional federal rule denying attorney's fees to pro se litigants).

### III. CONCLUSION

Because the culpable conduct of Seguros led to the default judgment, it fails to meet the third prong of the test required to vacate the default judgment. The district court did not abuse its discretion in denying Seguros' Rule 60(b) motion for relief from default.

The judgment of the district court is affirmed.

The appellee's request for attorney's fees and treble damages is denied.