972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clovis Carl GREEN, Jr., Plaintiff-Appellant,
v.
Peter CARLSON, et al., Defendant-Appellee.
 No. 91-16458.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 6, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clovis Green, a federal prisoner, appeals pro se the district court's denial of his motion to reconsider its summary judgment in his action alleging deprivation of his constitutional rights under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the denial of a motion to reconsider for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) ( quoting Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985) (court's emphasis)). We construe Green's motion as a Rule 60(b) motion because it was filed more than ten days after entry of the judgment. See Fed.R.Civ.P. 60(b) & 59(e). An appeal from a denial of Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy, 878 F.2d at 315.[1]
 
 
 4
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 5
 Here, Green was disciplined for insolence for referring to a prison official as "a liar and totally incompetent idiot" in a grievance report Green filed. Green challenged the Bureau of Prisons regulation prohibiting insolence toward staff members as unconstitutionally vague and overbroad. Green also alleged that prison officials selectively enforced the insolence regulation, and that he was disciplined in retaliation for filing grievances. The district court granted summary judgment for defendant prison officials.
 
 
 6
 In his motion to reconsider, Green alleges that in a pending action he filed in the United States District Court for the Western District of Wisconsin, the court found the prison regulation on insolence vague, found that prison officials selectively enforced the rule, and scheduled trial. Assuming that this is true, this is not an appropriate basis for relief under Rule 60(b). See id. Green made no showing that the Wisconsin case was entitled to preclusive effect. See Robi v. Five Platters, Inc., 838 F.2d 318, 323 (9th Cir.1988) (doctrine of issue preclusion prevents relitigation of issues that were actually litigated and necessarily determined in prior proceeding involving same party against whom issue preclusion is asserted). Accordingly, the district court was not required to follow the decision of the Wisconsin court on this issue. See id.
 
 
 7
 In his motion to reconsider, Green also contends that he and another inmate used the same language in other incidents and were not disciplined for insolence, that individual prison officials interpret what constitutes insolence, and that he was disciplined in retaliation for filing grievances. Green raised these arguments in his opposition to summary judgment and the district court rejected them. Thus, these arguments do not require reconsideration under Rule 60(b). See Molloy, 878 F.2d at 315.
 
 
 8
 Accordingly, the district court did not abuse its discretion by denying Green's motion to reconsider. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Green's notice of appeal was not timely as to the underlying judgment of dismissal, and a Rule 60(b) motion does not toll the time for appeal. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989)