976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard A. SMITH, Plaintiff-Appellant,
v.
NEVADA BELL, a Nevada Corporation; Bell Telephone Company
of Nevada, a Nevada Corporation; Pacific Telesis
Group, Defendants-Appellees.
 No. 91-16165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 23, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard A. Smith appeals the district court's denial of his Fed.R.Civ.P. 60(b)(1) motion to vacate the court's judgment against him for failure to file a timely opposition to defendants motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a denial of a Rule 60(b) motion for an abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Pena v. Seguros La Commercial, S.A., 770 F.2d 811, 814 (9th Cir.1985). An appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Mollow v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). A motion to vacate may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discard judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 4
 Here, Smith contends that the judgment against him should be vacated because, due to a statement made by Judge Thompson, he believed that the deadline to file an opposition to defendants motion for summary judgment had been extended. Smith, however, does not offer any evidence that the district court had entered a motion to extend the time for filing his opposition or that the parties had stipulated to a new filing date. Rather, his assertion that the filing deadline had been vacated is based solely on the judge's comment in chambers that the case would be resolved by the end of the year. Smith, however, was familiar with the proper procedure for obtaining a filing extension, having previously received two extensions of the original February 8, 1991 filing deadline. Both of these extensions had been stipulated to by the parties and had been approved by the district court. Thus, Smith's contention that he believed the filing deadline had been extended a third time is unpersuasive.
 
 
 5
 Under these circumstances, the trial court did not did not abuse its discretion by denying Smith's Rule 60(b) motion.[1] See Pena, 770 F.2d at 814.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Smith's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Accordingly, we deny Smith's motion to supplement the record and to strike portions of the reply brief