977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eunice RUSSELL, Plaintiff-Appellant,
v.
Iva RUSSELL, Defendant-Appellee.
 No. 91-55970.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eunice Russell (Eunice) appeals the dismissal of his civil RICO complaint, in which he claimed that his stepmother in various acts of conspiracy, in violation of 18 U.S.C. § 1962, which deprived him of his rightful inheritance. The district court dismissed the complaint, with prejudice, on the grounds that it failed to state a claim; it was barred by res judicata; and it was time barred. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We hold that the complaint is barred by the relevant statute of limitations and affirm on this ground.
 
 
 3
 As an initial matter, we must address Eunice's claim that the district court erred in setting aside the default judgment it had entered against Iva Russell (Iva). We review the district court's action for an abuse of discretion. Pena v. Seguros LA Commercial, S.A., 770 F.2d 811, 814 (9th Cir.1985). We will reverse such a ruling "only upon a clear showing of abuse of discretion." Id. (internal quotation and citations omitted). A district court's discretion to refuse to vacate a default judgment is limited, and should only be exercised if the plaintiff would be prejudiced by vacation, the defendant has no meritorious defense, or the defendant's culpable conduct led to the default. Id. In this case, the defendant had three potentially meritorious defenses, any one of which may have been dispositive of the plaintiff's entire claim. The district court therefore did not abuse its discretion in setting aside the default judgment.
 
 
 4
 We review de novo the district court's dismissal of Eunice's complaint based on the expiration of the relevant statute of limitations period. Hoesterey v. Cathedral City, 945 F.2d 317, 318 (9th Cir.1991), cert. denied, 112 S.Ct. 1941 (1992). We base our review on the contents of the complaint, the allegations of which we both accept as true and construe in the light most favorable to Eunice. Id. We will affirm a dismissal only if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotation and citations omitted).
 
 
 5
 The statute of limitations for civil RICO actions is four years. Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143 (1987). The limitations period accrues when "a plaintiff knows or should know of the injury which is the basis for the action." Stitt v. Williams, 919 F.2d 516, 525 (9th Cir.1990).
 
 
 6
 In this case, the injury Eunice claims to have suffered is slightly unclear. The gravamen of his complaint seems to be that his stepmother, Iva, conspired to confiscate and then conceal property his father owned. This property, Eunice claims, would have been willed to him but for the nefarious interference of Iva. Eunice, however, already contested the will on these grounds in probate court in 1981. Eunice thus knew of the injury that is the basis for this RICO action well more than four years ago. It is therefore beyond doubt that Eunice could not prove that his RICO action is timely, and the district court properly dismissed the complaint without leave to amend.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3