977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James E. KIMSEY, Plaintiff-Appellant,
v.
George SUMNER, Defendant-Appellee.
 No. 91-15556.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 19, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James E. Kimsey, a Nevada state prisoner, appeals pro se the district court's denial of the his Fed.R.Civ.P. 60(b) motion to vacate the district court's summary judgment in his 42 U.S.C. § 1983 action. Kimsey's section 1983 claim alleged that prison officials violated his fifth and eight amendment rights by placing him in a cell with an inmate who had tested positive for the HIV virus. We review for the denial of a Rule 60(b) motion for an abuse of discretion. Pena v. Seguors La Commercial, S.A., 770 F.2d 811, 814 (9th Cir.1985). We affirm.
 
 
 3
 An appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Mollow v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). A motion to vacate may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discard judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 4
 Here, Kimsey in his motion alleged that the district court judgment should have been vacated because of the court's "gross misapprehension of facts." Kimsey did not, however, specifically allege any errors in the court's findings which would have effected the outcome of the case.[1] Nor did he cite to any other Rule 60(b) criteria which would have justified vacating the judgment. Rather, it appears that Kimsey was attempting to use the Rule 60(b) motion to appeal the district court's summary judgment order. Accordingly, because Kimsey failed to demonstrate that the judgment should be vacated for any of the reasons enumerated under Rule 60(b), the district court did not abuse its discretion by denying Kimsey's rule 60(b) motion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Kimsey's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kimsey did allege that the court, in entering its judgment, misnamed him as the defendant rather than the plaintiff. The court acknowledged the clerical error and modified the judgment accordingly. Kimsey may not, however, appeal from the entry of this later judgment in order to obtain a timely review of the underlying merits. See United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 701 (9th Cir.1984) (if the later judgment is entered merely to correct a true clerical error, the date of judgment is not affected)