981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry SIMON, Donna Simon; Herman Amaral; Rose Amaral; Roy
Banogli; Mickey Banogli; Robert Kittle; Linda Kittle;
Clement Butler; Donna Butler; Raymond Edlehuber; Joyce
Edlehuber; Phil Pecoraro; Colleen Pecoraro; David
Fujikawa; George Fujikawa; Daniel Lawrence; Carolee
Lawrence; Harold Berton; Sharon Berton, Plaintiffs-Appellees,
v.
Neil A. ORSI, Defendant-Appellant.
 No. 91-16942.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 3, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Neil A. Orsi appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion to set aside the court's summary judgment for plaintiffs Jerry Simon and others in plaintiffs' securities fraud action against Orsi for certain misrepresentations made in connection with the sale of investments to plaintiffs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a denial of a Rule 60(b) motion for an abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Pena v. Seguros La Commercial, S.A., 770 F.2d 811, 814 (9th Cir.1985).
 
 
 4
 Orsi contends that the district court erred by denying his Rule 60(b) motion because he did not have notice of the plaintiffs' renewed summary judgment motion. This contention lacks merit.
 
 
 5
 Plaintiffs filed the present action on September 4, 1987. On February 20, 1990, plaintiffs filed a motion for summary judgment, and a hearing on the matter was set for April 6, 1990. Orsi was properly served with the summary judgment motion, but filed no response. Instead, on March 29, 1990, Orsi filed a Chapter 7 petition in bankruptcy court. On September 21, 1990, plaintiffs were granted relief from the automatic stay provisions of the bankruptcy proceedings to pursue their pending summary judgment motion. On October 25, 1990, plaintiffs renewed their summary judgment motion in district court.
 
 
 6
 On this record it is clear that Orsi had notice of plaintiffs intent to pursue summary judgment, and Orsi's claim to the contrary is meritless. Accordingly, the district court did not abuse its discretion by denying Orsi's Rule 60(b) motion. See Pena 770 F.2d at 814-15.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3