988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margaret H. STROWSKI, Plaintiff-Appellant,
v.
Jerry E. JOHNSON; Los Angeles County Sheriff; Compton
Municipal Court, Defendants-Appellees.
 No. 88-5920.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-87-3510-AAH; A. Andrew Hauk, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Margaret Strowski appeals pro se the district court's denial of her Fed.R.Civ.P. 60(b) motion for reconsideration of the court's dismissal of her civil rights action for lack of prosecution. The district court also denied as untimely Strowski's motion to disqualify the district judge. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse " 'only upon a clear showing of abuse of discretion.' " Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (quoting Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985) (court's emphasis)).
 
 
 4
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 5
 In her motion, Strowski claims that she did not prosecute her case or attend the hearing on the order to show cause why the action should not be dismissed for want of prosecution because she was certain that defendants would seek an extension to file an answer because "attorneys almost routinely apply for 30 days or more extension," giving her time to take a trip to Europe. Strowski's visit to Europe is clearly not a proper ground for relief under Rule 60(b). See Backlund, 778 F.2d at 1338. Furthermore, because an appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review, and because Strowski's notice of appeal was untimely as to the underlying judgment of dismissal, we lack jurisdiction to consider Strowski's arguments on appeal regarding the district court's dismissal of the action. Molloy, 878 F.2d at 315. Accordingly, the district court did not abuse its discretion by denying the Rule 60(b) motion. See Backlund, 778 F.2d at 1388.
 
 
 6
 Strowski also contends that the district court erred by denying her motion to disqualify the judge, filed simultaneously with her motion for reconsideration. In her motion to disqualify, Strowski asserts that the manner in which Judge Hauk addressed Strowski's husband at the hearing on the dismissal for lack of prosecution indicates that he is not impartial.
 
 
 7
 Under 28 U.S.C. § 144, a party seeking disqualification must state the facts and reasons for the belief that bias or prejudice exists. Moreover, in order to state a case for recusal, a party must allege bias or prejudice stemming from an extrajudicial source. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 110 S.Ct. 3237 (1990).
 
 
 8
 Strowski failed to show how the manner in which Judge Hauk addressed her husband demonstrated impartiality. Strowski alleged no other facts to support her claim of impartiality, nor did she point to an extrajudicial source of bias. Accordingly, we conclude that the district court did not abuse its discretion by denying the motion for disqualification. See 28 U.S.C. § 144; Hernandez-Escarsega, 886 F.2d at 1581.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3