990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margaret H. STROWSKI, Plaintiff-Appellant,
v.
Lorna PARNELL; John P. Shook, Superior Court Judge; Cary
H. Nishimoto; Kenneth W. Gale; Lois A. Smaltz;
Frank S. Zolin; James H. Dempsey,
Defendants-Appellees.
 No. 92-56057.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Margaret Strowski appeals pro se the district court's denial of her Fed.R.Civ.P. 60(b) motion for reconsideration of the court's dismissal of her 42 U.S.C. § 1983 action alleging that five California Superior Court judges and a former and current clerk of the superior court violated her civil rights in connection with a state court lawsuit.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse " 'only upon a clear showing of abuse of discretion.' " Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (quoting Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985) (court's emphasis)).
 
 
 4
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 5
 In her motion, Strowski argues that the district court "did not come up with [a] meritorious argument against [her] presentation," and that the "statements of the Court are arbitrary, malicious, with obvious intent to cause harm for me." Strowski's motion fails to set forth any of the grounds for relief from judgment under Rule 60(b). See id. She has also failed to show extraordinary circumstances warranting relief under Rule 60(b)(6). See id. Furthermore, because an appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review, and because Strowski's notice of appeal was untimely as to the underlying judgment of dismissal, we lack jurisdiction to consider Strowski's arguments on appeal regarding the district court's dismissal of the action. See Molloy, 878 F.2d at 315. Accordingly, the district court did not abuse its discretion by denying the Rule 60(b) motion. See Backlund, 778 F.2d at 1388.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's judgment dismissing Strowski's action was filed on april 27, 1992. Strowski filed a timely-motion for a new trial on May 7, 1992. The district court denied this motion on May 8, 1992. Strowski filed a motion for reconsideration of the order of dismissal on May 26, 1992. This motion was denied on July 15, 1992. Strowski filed her notice of appeal on August 13, 1992. Because the motion for reconsideration was filed more than ten days after the entry of the judgment, we construe the motion as one under Rule 60(b). See Fed.R.Civ.P. 59(e) & 60(b)