67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry Lee BARKER, Plaintiff-Appellant,
v.
Douglas M. BRAY; Multnomah County; State of Oregon;
Michael D. Shrunk; Theodore R. Kulongoski,
Defendants-Appellees.
 No. 94-35822.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Lee Barker, an Oregon state prisoner, appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration. The district court granted summary judgment in favor of defendants in Barker's 42 U.S.C. Sec. 1983 action alleging that his constitutional rights were violated when defendants conspired to deny him access to his grand jury records at the Multnomah County courthouse. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse " 'only upon a clear showing of abuse of discretion.' " Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (quoting Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985)).
 
 
 4
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 5
 Barker's motion failed to set forth any of the grounds for relief from judgment under Rule 60(b). See id. In his motion, Barker merely stated his disagreement with the district court's summary judgment order. He has also failed to show extraordinary circumstances warranting relief under Rule 60(b)(6). See id. Accordingly, the district court did not abuse its discretion by denying Barker's Rule 60(b) motion. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3