67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald Glen BOYDEN, Plaintiff-Appellant,
v.
Lisa ROBERG; Bertha Cole; Victor Reyes; Michael Huggins;
Carol Getty; Janet Reno; United States of
America, Defendants-Appellees.
 No. 94-55214.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald Glen Boyden appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b)(1) motion for relief from (1) the dismissal of certain federal defendants for lack of service; and (2) the grant of summary judgment in favor of defendant Roberg. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 We review the denial of a Rule 60(b) motion for abuse of discretion, and we will reverse " 'only upon a clear showing of abuse of discretion.' " Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (quoting Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985)). A motion for reconsideration may be brought under Rule 60(b)(1) if the moving party can show "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).
 
 
 4
 In his motion, Boyden argued that the district court mistakenly dismissed certain federal defendants because service of the summons and complaint was improper under Fed.R.Civ.P. 4. He cited to California Code of Civil Procedure Sec. 415.40 for the proposition that service by registered mail was proper. Boyden, however, failed to prove that he personally served defendants, as required by Fed.R.Civ.P. 4.
 
 
 5
 Boyden also argued that the district court mistakenly granted summary judgment in favor of defendant Roberg because genuine issues of material fact still exist. A review of the district court record reveals that Boyden failed to present evidence to support the existence of the alleged issues of fact. Moreover, Boyden failed to present evidence to contradict the district court's conclusion that no constitutional violations occurred.
 
 
 6
 Accordingly, the district court did not abuse its discretion by denying Boyden's Rule 60(b)(1) motion. See Molloy, 878 F.2d at 315.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to Fed.R.App.P. 43(c)(1), Janet Reno is substituted as a party to replace William P. Barr