108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric DELANGIS, doing business as AMT Communications,
Plaintiff-Appellant,
v.
PROLOCK, INC., et al., Defendants-Appellees.
 No. 95-56023.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1996.*
Decided Dec. 16, 1996.
 
 Before: PREGERSON, D. NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delangis appeals from the district court's denial of a Fed.R.Civ.P. 60(b) motion for relief from an order dismissing his cause of action under Fed.R.Civ.P. 41(b). We have jurisdiction under 28 U.S.C. § 1291 and we review for abuse of discretion. Ellis v. Brotherhood of Railway, Airline & Steamship Clerks, 685 F.2d 1065, 1071 (9th Cir.1982), aff'd in relevent part, 466 U.S. 435 (1984). We affirm.
 
 
 3
 * Delangis filed an action in district court alleging copyright infringement, a § 1983 claim, and various contract causes of action against Prolock and other defendants in October, 1994. The dispute grew out of a contract to supply car anti-theft devices for sale.
 
 
 4
 On February 16, 1995, the district court issued an order denying several motions by Prolock, but granting a Rule 12(b)(6) motion. The order concluded with the following: "Plaintiff shall have twenty (20) days from the date of this Order to amend his complaint." Order Re: Defendants' Motion.
 
 
 5
 Delangis took no action in response to this order, believing that the Rule 12(b)(6) motion referred only to the § 1983 claim, and deciding that the § 1983 claim was not worth pursuing. Delangis mistakenly believed that by taking no action the remainder of his claims would stand under this order.
 
 
 6
 On April 5, 1995, the Court issued an order sua sponte dismissing Prolock's entire cause of action under Rule 41(b) for failure to obey a court order by submitting an amended complaint within twenty days of the February 16 order.
 
 
 7
 On April 20, 1995 Delangis filed a motion under Rule 60(b) requesting that the order of dismissal be set aside. On June 5, 1995 the district court filed an order denying the motion. Delangis timely filed this appeal.
 
 II
 
 8
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 9
 Delangis claims surprise, inadvertence and mistake warrant relief under Rule 60(b) because he read the court's order of February 16th as requiring the filing of an amended complaint only if he wished to salvage his § 1983 claim, and because his claim was dismissed without notice. The district court considered these arguments and denied the motion.
 
 
 10
 In an appeal from a denial of a Rule 60(b) motion, we reverse only on a clear showing that the district court abused its discretion in denying the motion, and do not look to the merits of the underlying judgment. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1464 (9th Cir.1994).
 
 
 11
 Delangis argues that the district court abused its discretion in denying the Rule 60(b) motion because the court failed to consider a three factor test on the district court's discretion in setting aside default judgments laid out in Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985). However, the district court was not required to consider these factors, especially where, as here, the dismissal resulted not from a default judgment but from the district court's sua sponte dismissal order for failure of Delangis to obey an order of the court.
 
 
 12
 Delangis' remaining arguments address the merits of the underlying order of dismissal, and would be properly addressed to this court only if Delangis had appealed from the judgment of dismissal. Instead Delangis chose to seek relief under Rule 60(b), and he appeals only the denial of that motion. Since the district court did not abuse its discretion in denying the motion, we affirm.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 In light of our holding, we do not reach the question of whether attorney Warble was entitled to represent the estate without the approval of the bankruptcy court