**In re: Kathryn Joanne DIXON, Respondent—Appellant.**

**No. 00–16429.**

**D.C. No. CV–00–01181–EDL.**

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2002.*

Decided March 18, 2002.

Fed. R.App. P. 34(a)(2).

Before HUG and TASHIMA, Circuit Judges, and SEDWICK, District Judge.**

MEMORANDUM ***

Kathryn Dixon appeals the district court's judgment, denying her motion to vacate a default judgment that disbarred Dixon from practice in the United States District Court for the Northern District of California. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's judgment for a clear showing of abuse of discretion. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir.2000). We affirm. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

Motions to vacate a default judgment are cognizable under Federal Rule of Civil Procedure 60(b). *See* Fed.R.Civ.P. 55(c). The district court does not abuse its discretion in denying a Rule 60(b)(1) motion

that alleges "mistake, inadvertence, surprise, or excusable neglect" when the defaulting party's culpable conduct led to the default. *Hayhurst*, 227 F.3d at 1108.

We find that the district court properly held that Dixon's culpable conduct led to the default judgment against her. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811 (9th Cir.1985), is controlling on this point. In *Pena*, the plaintiff policyholder sent notice of his civil action to the defendant insurance company's address on file with the Arizona Department of Insurance. *Pena*, 770 F.2d at 813. When the defendant failed to answer the plaintiff's complaint, allegedly due to lack of notice of the suit, the district court entered a default judgment against the defendant. *Id.* We affirmed the district court's refusal to set aside the default judgment under Rule 60(b), stating that "[t]he fact that [the defendant] provided ... the Arizona Department of Insurance with the incorrect address is its own fault." *Id.* at 815. We said: "Since [the defendant] desires to do business in the state of Arizona it has a duty to comply with the laws of that state. Part of that duty is to keep the Department of Insurance apprised of its correct address. [The defendant] failed to do so, and we find this conduct to be culpable." *Id.* Finding that the defendant's culpable conduct led to the default judgment, we held that the district court's denial of the defendant's Rule 60(b) motion was not an abuse of discretion. *Id.* at 816.

We find the instant case essentially indistinguishable from *Pena*. The district court mailed the order to show cause to Dixon at her address on file with the court and the California State Bar's membership

** Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

records office. Because the address on file was not her current address, Dixon did not receive actual notice of the order. Under California law, Dixon, as a "former member of the State Bar who ha[d] been ordered by the Supreme Court to comply with Rule 955 of the California Rules of Court," had a duty to "maintain on the official membership records of the State Bar [her] current address and within 10 days after any change therein, ... file a change of address with the membership records office of the State Bar." Cal. Bus. & Prof.Code § 6002.1(b). Although the California Supreme Court's judgment went into effect on December 10, 1999, Dixon had not provided her current address to the State Bar's membership records office as of June 6, 2000, when the district court took judicial notice of this fact. *See* Cal. Ct. R. 24(a) (providing that the California Supreme Court's decisions become final 30 days after filing). Under *Pena*, we find that Dixon's failure to comply with California law was culpable conduct, and that this culpable conduct led to her lack of actual notice of the order to show cause, and ultimately to the entry of the default judgment. Accordingly, we hold that the district court's denial of Dixon's Rule 60(b) motion was not an abuse of discretion.

AFFIRMED.