26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Bernard PONDER, Plaintiff-Appellant,
v.
Dianna RODGERS; Ernest Smith, Defendants-Appellees.
 No. 93-36028.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner Joseph Bernard Ponder appeals pro se the district court's summary judgment in favor of probation officials in Ponder's 42 U.S.C. Sec. 1983 action alleging that his civil rights were violated when probation officials refused to permit Ponder to attend church. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, vacate in part and remand for further proceedings.
 
 I. Default Judgment
 
 3
 Ponder contends that the district court erred by denying his motion for default judgment. We review the district court's denial of a motion for default judgment for an abuse of discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam). Default judgments are disfavored, and whenever possible cases should be decided on their merits. Pena v. Seguros La Commercial, S.A., 770 F.2d 811, 814 (9th Cir.1985). Here, plaintiff's amended complaint was filed on May 14, 1993. Approximately twenty-five days later defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b). Because Ponder suffered no prejudice when defendants' filed their response five days late, the district court did not abuse its discretion by denying Ponder's motion for default judgment.
 
 II. Appointment of Counsel
 
 4
 Ponder contends that the district court abused its discretion by failing to appoint counsel to represent him. This contention lacks merit. Appointment of counsel under section 28 U.S.C. Sec. 1915(d) is left to the sound discretion of the trial court and is appropriate only in "exceptional circumstances" where the legal issues are complex. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). Because this case does not involve exceptional circumstances, the district court did not abuse its discretion by refusing to appoint counsel for Ponder. See id.
 
 III. Summary Judgment
 
 5
 Ponder contends that the district court erred by dismissing his action pursuant to Rule 12(b)(6) and by not allowing him to respond to defendants' motion to dismiss. Defendants filed a motion under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief could be granted and attached supporting affidavits. Rule 12(b) provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12(b). Because the district court relied on matters outside the pleadings, we construe the district court's dismissal as a grant of summary judgment under Rule 56.
 
 
 6
 Before entering summary judgment, district courts are obligated to advise pro se prisoner litigants of the requirements for summary judgment under Rule 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988) (per curiam). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. Id. at 411. This bright line rule applies to all pro se litigants no matter how legally sophisticated they may appear. Id. A court may not avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Id.
 
 
 7
 Here, defendants filed a "motion to dismiss" supported by affidavits. In response, Ponder filed a motion to strike defendants' motion to dismiss because the motion was allegedly untimely. Ponder's opposition did not address the merits of the summary judgment motion and was not supported by affidavits or other admissible evidence as required by Rule 56(e). The district court granted defendants' motion for summary judgment without advising Ponder of the requirements of Rule 56(e). In this case, Ponder did not receive fair notice of the requirements of the summary judgment rule. See id. Accordingly, we vacate the district court's grant of summary judgment. On remand, the district court should advise Ponder of Rule 56 standards and give him an opportunity to respond to the motion for summary judgment.[1]
 
 
 8
 AFFIRMED in part, VACATED in part and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we vacate and remand to allow Ponder to oppose the motion for summary judgment, we do not reach the district court's ruling on the merits of Ponder's claim