Steve BENNY, Plaintiff-Appellee,

v.

Danny PIPES and Charles Payne, Defendants-Appellants.

No. 85–2347.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 1986.

Decided Sept. 5, 1986.

---

James T. Bialac, Phoenix, Ariz., for plaintiff-appellee.

Ronald J. Greenhalgh, Asst. Atty. Gen., Phoenix, Ariz., for defendants-appellants.

Before PREGERSON, POOLE and JOHN T. NOONAN, Circuit Judges.

PREGERSON, Circuit Judge:

This case requires us to decide the breadth of Fed.R.Civ.P. 4. Two prisoners filed suit against several prison guards. A fellow prisoner served the summonses and complaints. Because the guards failed to answer the complaint, the district court entered a default judgment against them, and later awarded damages to one prisoner. The guards argue that a summons and complaint served by a prisoner is invalid under Fed.R.Civ.P. 4. They also argue, in the alternative, that the district court should have set aside their default, or that the prisoners' complaint failed to state a claim. We affirm.

## FACTS

Steve Benny and Bobby Tuzon, both then prisoners in Arizona State Penitentiary in Florence, Arizona, sued six Florence prison guards under 42 U.S.C. § 1983. The complaint alleged various constitutional violations under five counts. Count one alleged that Corrections Service Officers Danny Pipes, Charles Payne, and Tony Gilbreath failed to protect Benny from physical and sexual assaults by other prisoners. This count also alleged that Pipes struck Benny. Counts two through five alleged that Sergeant Richard Towne and Lieutenant Willard Gotcher prevented Tuzon from assisting Benny in processing his administrative complaint against Pipes, Payne, and Gilbreath, and that these three officers retaliated in various ways against Tuzon for persisting in his efforts to assist Benny.[1] Subsequently at Tuzon's request, the district court dismissed all Tuzon's claims, leaving Benny as the sole plaintiff.

Jerald E. Lee, a Florence prisoner and a convicted felon, personally served the summons and complaint on Gilbreath on March 23, 1984, and on Payne on March 29, 1984. Phillip E. Wolf, also a prisoner at Florence, and a convicted felon, served the summons and complaint on Pipes on March 27, 1984. Lee and Wolf attested to the fact of each of these services in sworn affidavits. Apparently, the guards reacted to the service by crumpling the papers and throwing them to one side as trash.

Because the guards had not answered, Benny sought a default judgment. Pipes, Payne, and Gilbreath ("the guards") moved on three separate occasions for enlargement of time to respond to the complaint. On June 27, 1984, the district court granted the guards an extension to July 12, and on July 13, in response to the third motion to enlarge, granted the guards additional time until August 24 to answer the complaint.[2]

The guards filed no answer. Thus, on October 5, 1984, the district court ordered the entry of a default judgment against Payne and Pipes.[3] Six months later, the

---

1. The complaint makes no accusation against the sixth officer named in the complaint, CSO Edward Procela, Jr. The complaint only refers to Procela as a witness to Benny's signature on Benny's administrative complaint against Pipes, Payne, and Gilbreath. Apparently, Procela was never served.

2. The court apparently did not respond to the guards' first motion to enlarge time to answer. The motion was filed in response to Benny's motion for a default judgment. The court may not have acted on the guards' motion because Benny filed his default judgment motion before the time permitted for the guards to answer his complaint had expired.

3. The district court erroneously omitted Gilbreath from the default judgment. On April 2, 1985, the court ordered Gilbreath's default *nunc pro tunc* as of October 5, 1984.

   The court also ordered default judgments against Towne and Gotcher. The court later set aside these two defaults because Towne and Gotcher were implicated only in the counts alleging actions directed at Tuzon. On July 30, 1984, the court had consented to a stipulation dismissing with prejudice all claims concerning Tuzon.

guards unsuccessfully moved to set aside the defaults. Later, after an evidentiary hearing, the district court awarded Benny $2,000 damages against Pipes and Payne. The court exonerated Gilbreath of liability and dismissed Benny's action as to Gilbreath. Pipes and Payne timely appealed.

## STANDARD OF REVIEW

A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982). A district court's determination that it may exercise personal jurisdiction over a defendant is a question of law which we review *de novo* when the underlying facts are not disputed. *Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1326 (9th Cir.1985). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179, and 1532 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984). However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without "substantial compliance with Rule 4." *Jackson*, 682 F.2d at 1347. A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction. *Id.;* Fed.R.Civ.P. 12(h)(1).

A failure to make a timely answer to a properly served complaint will justify the entry of a default judgment. Fed.R.Civ.P. 55. We may set aside a default judgment only for good cause. Fed.R.Civ.P. 60(b); *see generally Wilson v. Moore and Associates, Inc.*, 564 F.2d 366, 368–69 (9th Cir.1977). We review a district court's denial of a motion to set aside a default judgment for an abuse of discretion. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985). We will reverse such a decision "only upon a *clear showing* of abuse of discretion." *Id.* (emphasis in original) (quoting *Ellis v. Brotherhood of Railway, Airline & Steamship Clerks*, 685 F.2d 1065, 1071 (9th Cir.1982), *aff'd in relevant part*, 466 U.S. 435, 104 S.Ct. 1883, 80 L.Ed.2d 428 (1984)).

## ANALYSIS

### A.

Benny asserts that the guards made a general appearance, and thereby waived any objection to service of process under Rule 4, by filing three motions to enlarge their time to respond to Benny's complaint. "An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear." 28 Fed.Proc. (L.Ed.) § 65.137 at 526 (1984); *see also Wilson*, 564 F.2d at 369 (informal contact between parties constitutes appearance when defendant shows "clear purpose to defend the suit"); *Maricopa County v. American Petrofina, Inc.*, 322 F.Supp. 467, 469–70 (N.D.Cal.1971) (seeking three stipulations to extend time to respond to complaint, including one approved by court, estopped defendant from denying service of process).

Whether the guards' pre-answer motions constituted a general appearance is a close question. Indeed, the district court apparently thought the guard's motions constituted an appearance. The guards made no discernible objection to service of process in either of their first two applications for additional time to answer Benny's complaint. While, arguably, the first two motions to extend time show some intention to defend the suit, they do not manifest a "clear purpose" to defend. *Compare* Fed.R.Civ.P. 12(h)(1)(A) (failure to raise insufficiency of process in any Rule 12 motion waives defense); *and H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 692 (D.C.Cir. 1970) (75 days of settlement discussions constitute appearance); *with Wilson*, 564 F.2d at 369 (letter to plaintiff responding to allegations in complaint is not appearance);

*and Anderson v. Taylorcraft, Inc.,* 197 F.Supp. 872, 874 (W.D.Pa.1961) (letter to clerk notifying change of address is not appearance). However, the guards' third motion specifically reserves the option of asserting an affirmative defense based on insufficiency of service.

Generally, a motion to extend time to respond gives no hint that the answer will waive personal jurisdiction defects, and is probably best viewed as a holding maneuver while counsel consider how to proceed. The first two motions to enlarge sought additional time because of counsel's involvement in several other trials where Tuzon was the plaintiff. Certainly the guards would have been well advised to include statements in these two motions that they were not waiving any affirmative defenses, but it would be harsh indeed to label these pre-answer omissions as a general appearance. The third motion specifically reserved the defense, and, ultimately, the guards failed to answer and Benny took their defaults. The motions did not delay the action significantly nor prejudice Benny substantially—Benny obtained his defaults within six months of filing his complaint.

Thus, we conclude that the guards' actions here were insufficient to constitute a general appearance. We, therefore, turn to the guards' substantive argument that service was invalid because the process servers, Lee and Wolf, were then incarcerated felons.

### B.

In 1983, Congress substantially amended Rule 4. *See* Federal Rules of Civil Procedure Amendments Act of 1982, Pub.L. 97–462 § 2 *reprinted in* 1982 U.S.Code Cong. & Ad.News (96 Stat.) 2527, 2527–28. Fed. R.Civ.P. 4(c)(2)(A) now states: "A summons and complaint shall ... be served by any person who is not a party and is not less than 18 years of age." Rule 4(c)(2)(B) and (C) provide certain limited exceptions to this rule, none of which apply here.[4]

At Benny's request, two fellow prisoners, Lee and Wolf, served the summons and complaint on each of the guards. Neither Lee nor Wolf is a party to the action, and, since they are in an adult prison, both must be over 18 years of age. The guards note that, under Arizona law, prisoners lose certain civil rights on conviction. *See* Ariz.Rev.Stat. §§ 13–904(A)(2) (prisoner forfeits "right to hold public office of trust"), 13–904(A)(4) (prisoner forfeits "any other civil rights the suspension of which is reasonably necessary for the security of the institution."). The guards assert that the right to serve process is among those rights forfeited by Arizona state prisoners, and that, therefore, service was invalid.

Even accepting the guards' expansive reading of Arizona law, their argument is beside the point. In a diversity suit, the mandate of the federal rules will override any contrary state procedural law. *See Hanna v. Plumer,* 380 U.S. 460, 463–64, 85 S.Ct. 1136, 1139–40, 14 L.Ed.2d 8 (1965). In a federal question case such as Benny's suit, federal procedural law indisputably controls. *See* Siegel, *Practice Commentary on FRCP Rule 4* C4–15, *reprinted in* 28 U.S.C.A.App. (West Supp. 1985) ("Equally significant is that this authority [to any non-party over 18 to serve a summons and complaint], coming directly from Rule 4, no longer depends on state law.").

There is nothing whatever in the legislative history of Rule 4 to suggest in any way that Congress intended any exceptions to Rule 4(c)(2)(A) other than those express-

---

**4.** These exceptions permit service by a Marshal for: a person proceeding *in forma pauperis;* a seaman in certain circumstances; and the United States as a federal officer or agency. Fed.R. Civ.P. 4(c)(2)(B)(i) and (ii). When these exceptions apply, a court may order service by a Marshal or appoint another person to serve process. Fed.R.Civ.P. 4(c)(2)(B)(iii). Alternatively, service upon any competent adult or corpora-

tion may be made by following the procedure of the forum state, Fed.R.Civ.P. 4(c)(2)(C)(i), or by mail enclosing a prepaid acknowledgement form, Fed.R.Civ.P. 4(c)(2)(C)(ii). While Benny probably could have sought *in forma pauperis* status and used Marshal service, he preferred to pay the filing fees and use Lee and Wolf to effect personal service.

ly enumerated in Rule 4(c)(2)(B) and (c)(2)(C).[5] Certainly there is no reason to believe that Congress intended to exclude prisoners from the plain words of the rule. Service by a prisoner will presumably occur only when the plaintiff is also a prisoner. Given Congress' sensitivity to the volume of federal suits filed by prisoners, *see, e.g.,* 42 U.S.C. § 1997e (administrative exhaustion required for prisoners' section 1983 suits), Congress would surely have given a clear indication in the amended rule had it wished to limit the opportunity for prisoner suits by preventing personal service by prisoners.

■ Thus, we hold that Rule 4 means precisely what it says: save for those few special situations expressly enumerated in the Rule, *any* person over 18, who is not a party to the suit, may serve the summons and complaint. The district court was, therefore, correct to conclude that it had personal jurisdiction over Benny's complaint against the guards. Lee and Wolf, both convicted felons and incarcerated prisoners, served valid process on the guards.[6]

## C.

■ In determining whether the district court abused its discretion in refusing to set aside the default judgment, we must ensure that the motion to vacate does not become a substitute for appeal. *Pena,* 770

F.2d at 814; *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984) (per curiam). When we review the court's refusal to set aside the guards' default, we must consider: (1) whether Benny will be prejudiced if the default judgment is vacated; (2) whether the guards have a meritorious defense to Benny's complaint; and (3) whether the guards' "culpable conduct" led to the default. *Pena,* 770 F.2d at 814–15. However, if the guards' conduct provoked the default, we need not consider the first two elements. *Id.* at 815.

■ In *Pena,* we held that a defendant's constructive notice of a complaint was sufficient to constitute culpable conduct. *Id.* The defendant in *Pena* provided an incorrect address both to the plaintiff and the state licensing authority, and thus never received actual notice of the complaint which was served by mail. *Id.* Here, the guards do not contest that they received the summonses and complaints from Lee and Wolf. Indeed, the guards' motions to extend their time to answer Benny's complaint prove conclusively that they had actual notice of the complaint and were aware of its contents. Because they had notice of the complaint, and because the service by Lee and Wolf was valid, the guards' failure to answer was culpable. The district court thus was correct to refuse to vacate the default judgment.[7]

5. "New Rule 4(c)(2)(A) sets forth the general rule that summonses and complaints shall be served by someone who is at least 18 years old and not a party to the action or proceeding. . . . Subparagraph (B) sets forth 3 exceptions to the general rule. . . . Subparagraph (C) of new Rule 4(c)(2) provides 2 exceptions to the general rule of service by a nonparty adult." 128 Cong.Rec. H 9851 (daily ed. Dec. 15, 1982) (statement of Rep. Edwards). The full legislative history of amended Rule 4 is found at 128 Cong.Rec. H 9848–56 (daily ed. Dec. 15, 1982) and is substantially reprinted at 28 U.S.C.A. Federal Rules of Civil Procedure 1 to 11 App. at 85–92 (West Supp.1986).

6. This case does not present the question whether Arizona might validly impose reasonable time, place, and manner restrictions on prisoner service of process on prison officials.

7. On October 17, 1984, twelve days after the entry of the default judgment, the guards filed

an untimely motion to dismiss Benny's complaint due to improper service. The district court did not formally deny this motion until April 2, 1985, holding that the validity of Lee's service had been considered before the order of default was entered. On April 2, the district court also set a date for the default hearing, set aside the defaults of Gotcher and Towne, dismissed the motions to dismiss of Gotcher and Towne as moot, and entered the *nunc pro tunc* default judgment against Gilbreath. The court's decision to deal belatedly with the guards' motion to dismiss was apparently part of a general "house cleaning" of the case file. The guards formally moved to set aside the default judgments on April 12, 1985. The guards' culpable conduct in failing to answer the complaint obviates any need for us to consider Benny's contention that the guards' delay in filing a formal Rule 60(b) motion precludes a successful set aside motion.

### D.

The guards argue that, even if the district court correctly entered the default judgments against them, and accepting that they acted as described in Benny's complaint, Benny's allegations are insufficient to state a cause of action against the guards under section 1983. The guards argue that a minor assault by a prison guard, or a malicious failure to intervene in a fight between prisoners, does not violate Benny's due process rights. *See Daniels v. Williams,* — U.S. —, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986) (due process clause not implicated by officer's negligent act.).

Well-pleaded allegations are taken as admitted on a default judgment. *Thomson v. Wooster,* 114 U.S. 104, 114, 5 S.Ct. 788, 793, 29 L.Ed. 105 (1884); *In re Visioneering Construction,* 661 F.2d 119, 124 (9th Cir.1981). Benny alleged that the guards deliberately stood aside while he was assaulted by other prisoners, and that Pipes struck him once. Because the guards' actions were intentional, not negligent, the guards' argument must fail. Benny must be taken to have shown a violation of a substantive due process. *See Gaut v. Sunn,* 792 F.2d 874, 875 (9th Cir. 1986) (per curiam) (threats of violence by guards can violate substantive due process); *Meredith v. Arizona,* 523 F.2d 481, 482–83 (9th Cir.1975) (single blow by guard is a substantive due process violation); *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Norris v. District of Columbia,* 737 F.2d 1148, 1151–52 (D.C.Cir.1984) (substantive due process violated if guard uses force which is "undue," "excessive," or "unjustified"). A violation of substantive due process states a claim under section 1983. *See Rutherford v. City of Berkeley,* 780 F.2d 1444, 1448 (9th

Cir.1986). Alternatively, Benny has stated a valid section 1983 claim based on the eighth amendment. An eighth amendment-based section 1983 suit states a claim for relief in federal court. *See O'Quinn v. Manuel,* 773 F.2d 605, 607–08 (5th Cir. 1985).

The district court was therefore correct to award damages against the guards.[8]

AFFIRMED.

---

**8.** The district court properly held an evidentiary hearing before awarding damages. *See Davis v. Fendler,* 650 F.2d 1154, 1161 (9th Cir.1981). Neither Benny nor the guards contest the amount of the damages awarded against Pipes and Payne. Benny does not contest the court's decision that he take nothing from Gilbreath.