**BONITA PACKING COMPANY,**
**Plaintiff,**

v.

**James L. O'SULLIVAN, doing business**
**as H & M Produce, etc. et al.,**
**Defendants.**

**DIAZTECA COMPANY, INC., et**
**al., Intervening Plaintiffs,**

v.

**James L. O'SULLIVAN, individually and**
**doing business as H & M Produce,**
**etc., et al. Defendants.**

No. CV 95–5915–ER(RMCx).

United States District Court,
C.D. California.

Dec. 14, 1995.

---

Douglas B. Kerr, Dressler & Quesenbery, Irvine, CA, Jeanne Charlotte Wanlass, Western Legal Assoc., Irvine, CA and R. Jason Read, Rynn & Janowsky, Newport Beach, CA, for plaintiffs.

Alan Ross, Alan Ross Law Offices, Los Angeles, CA, for defendants.

## MEMORANDUM DECISION AND ORDER

CHAPMAN, United States Magistrate Judge.

### BACKGROUND

On September 1, 1995, plaintiff Bonita Packing Company filed a complaint against defendant James L. O'Sullivan, doing business as H & M Produce, Jose Saucedo, doing business as H & M Produce, and DOES 1 through 5, alleging, *inter alia*, a violation of the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a, *et seq.* Defendant O'Sullivan answered the complaint on September 14, 1995. Defendant O'Sullivan's answer was filed by Alan Ross, an attorney at law, whose office is in Los Angeles, California.

On September 21, 1995, plaintiff Diazteca Company, Inc., a corporation, filed a complaint in intervention against defendants O'Sullivan and Saucedo. District Judge Edward Rafeedie, on September 22, 1995, issued an order permitting plaintiff Diazteca to intervene. On October 5, 1995, plaintiff

Diazteca and plaintiff Nat Feinn Sales Corp.[1] filed a First Amended Complaint in Intervention against defendant O'Sullivan, individually and doing business as H & M Produce, and defendant Saucedo.

Intervening plaintiff Diazteca and "intervening plaintiff" Nat Feinn (hereafter collectively "intervening plaintiffs") on November 20, 1995, lodged a request for entry of default against defendant O'Sullivan, individually and doing business as H & M Produce, pursuant to Fed.R.Civ.P. 55(a). In support of their request, intervening plaintiffs filed the declaration by R. Jason Read, a Proof of Service, and the purported declaration of A. Robles. In paragraph 4 of his declaration, Mr. Read states that: "On October 18, 1995, Plaintiff duly served Defendant with the First Amended Summons and Complaint via substitute service at Defendant's private post office box, located at 3010 Wilshire Boulevard, Suite 100, Los Angeles, California 90010." The Proof of Service consists of the declaration of A. Robles, an individual employed by Express Network, Inc., a registered California process server, who states that on October 18, 1995, he/she served defendant O'Sullivan, in his individual capacity and doing business as H & M Produce, by leaving (an unspecified number of) copies of the First Amended Summons and Complaint in Intervention and other documents "with or in the presence of: Mina Han, owner of the Private P.O. Box" at 3010 Wilshire Boulevard, Suite 100, Los Angeles, California, and by mailing (an unspecified number of) copies to defendant O'Sullivan at the same address. The purported declaration of A. Robles[2] states that he/she made three attempts to serve defendant O'Sullivan at two different business addresses prior to October 18, 1995. Intervening plaintiffs did not mail the First Amended Summons and Complaint in Intervention to defendant O'Sullivan's attorney of record.

 "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly [with the sum-

---

1. Judge Rafeedie's Order of October 5, 1995, permitting a complaint in intervention by plaintiff Diazteca, does not pertain to "intervening plaintiff" Nat Feinn, who has not received permission from the Court to intervene.

2. This purported declaration is not under penalty of perjury and does not comply with either federal law, 28 U.S.C. § 1746, or California law, C.C.P. § 2015.5.

mons and complaint] under Fed.R.Civ.P. 4.... [W]ithout substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' " *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies,* 840 F.2d 685, 687 (9th Cir.1988) (citing *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir.1986), *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987)). A summons and complaint in intervention, however, may be served in accordance with Rule 5(b), by serving the attorney for a party who has appeared unless the intervenor's complaint states a claim entirely independent of the original complaint. 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1919 (1986).

Rules 4(d) and (e) provide that service of process of the summons and complaint may be made: (1) by mailing a copy of the summons and complaint to the individual defendant with a notice and request for waiver; (2) pursuant to state law; (3) by delivering a copy of the summons and complaint to the individual defendant personally; (4) by leaving a copy of the summons and complaint at the individual defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or (5) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Under California law, Code of Civil Procedure (C.C.P.) §§ 415.10, *et seq.,* provide that service of process of the summons and complaint may be made: (1) by mailing a copy of the summons and complaint to the individual defendant with a notice and acknowledgment of receipt; (2) by delivering a copy of the summons and complaint to the individual defendant personally; (3) by leaving a copy of the summons and complaint at the individual defendant's office; or (4) by leaving a copy of the summons and complaint at the individual defendant's "dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box;" plus mailing to the location at which the summons and complaint have been left.

■ All means other than personal delivery to the defendant are considered substituted service, and personal service must have been diligently attempted before substituted service may be performed. " 'Ordinarily, ... two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.' " *Bein v. Brechtel–Jochim Group, Inc.,* 6 Cal.App.4th 1387, 1390, 8 Cal.Rptr.2d 351, 352 (1992) (citing *Espindola v. Nunez,* 199 Cal.App.3d 1389, 1392, 245 Cal.Rptr. 596 (1988)). Assuming that a proper declaration could be filed by the process server, apparently three attempts were made to personally serve defendant O'Sullivan at two different business addresses before intervening plaintiffs attempted substituted service, and it, thus, appears that reasonable diligence was made to personally serve defendant O'Sullivan.

■ For whatever reason, intervening plaintiffs did not serve the First Amended Summons and Complaint in Intervention in accordance with Rule 5(b). Rather, they attempted substituted service on defendant O'Sullivan by a means not in compliance with either federal or California law. Federal law requires service of process by leaving a copy of the summons and complaint at the individual defendant's dwelling house or usual place of abode or delivery to an authorized agent. Under C.C.P. § 415.20, substituted service may be made in California by leaving a copy of the summons and complaint at the individual defendant's office, dwelling house, usual place of abode, usual place of business, or "usual mailing address other than a United States Postal Service post office box." The federal rules are more limited than California law regarding the locations at which substituted service may be made. Intervening plaintiffs attempted substituted service on defendant O'Sullivan at a location providing a private post office box; not at defendant O'Sullivan's office, dwelling house, usual place of abode, or usual place of business. Substituted service at a private mail box address does not comply with C.C.P. § 415.20(b).

■ "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

*Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *Bein v. Brechtel–Jochim,* 6 Cal.App.4th at 1392, 8 Cal.Rptr.2d 351. For substituted service to be reasonably calculated to give an interested party notice of the pendency of the action and an opportunity to be heard, "[s]ervice must be made upon a person whose 'relationship to the person to be served makes it more likely than not that they will deliver process to the named party.' " *Bein v. Brechtel–Jochim,* 6 Cal. App.4th at 1393, 8 Cal.Rptr.2d 351.

■ The owner of a private post office box company is not a person who has a sufficient relationship to the renter of a private post office box to assure that the renter will receive actual notice of a pending legal proceeding. Moreover, the Legislature, in specifically excluding United States Postal Service post office boxes from coming within the phrase "usual mailing address," has shown its intention to preclude substituted service at postal boxes.[3] In the Court's opinion, a private post office box is akin to a United States Postal Service post office box; and unlike a "dwelling house," "place of abode" or "place of business."

"[A]lthough it cannot be unequivocally said that the substituted service must be of the best type available, a statutory method has occasionally been held insufficient where a better method could just as well have been prescribed." 3 Witkin, B.E., California Procedure, Juris. § 89. *See Mullane,* 339 U.S. at 315, 70 S.Ct. at 657–58. Here, if intervening plaintiffs were unable to effect personal delivery of the summons and complaint on defendant O'Sullivan, service of process could easily have been made on his attorney pursuant to Rule 5(b). Even if not legally deficient, the method of service selected by intervening plaintiffs was, thus, insufficient because a better method of service was easily available.

■ The Court's determination that intervening plaintiffs have not properly served the summons and complaint on defendant O'Sullivan is consistent with the general

law regarding default judgments. "The law does not favor defaults; therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Lee v. Bhd. of Maintenance of Way Employees—Burlington N. Sys. Fed'n.,* 139 F.R.D. 376, 381 (D.Minn.1991) (citing 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2681 (1983)). *See also United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194–5 (3rd Cir.1984). It is within the Court's discretion whether to enter a default even when a defendant is technically in default for failing to answer or otherwise appear. *Lee,* 139 F.R.D. at 381. Here, the Court declines to enter a default.

### ORDER

Intervening plaintiffs' request for entry of default against defendant James L. O'Sullivan, individually and doing business as H & M Produce, is DENIED.

---

**3.** Since 1989, when the Legislature amended C.C.P. § 415.20(b) to add "usual mailing address other than a United States Postal Service post office box," there has been significant development and growth of private postal box facilities,

which serve the same role as United States Postal Service post office boxes and are in existence, for the most part, because of their convenient locations and the dearth of available United States Postal Service post office boxes.