**Stephany Lee BURROWS**

v.

**The CITY OF LEAGUE CITY, TEXAS and Officer Brian Fletchall.**

**No. CIV. A. G–97–242.**

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 19, 1997.

Jerome Mansour Karam, Webster, TX, for Stephany Lee Burrows.

William Scott Helfand, Jennie Stinebaugh, Magenheim Bateman Robinson Wrotenbery and Helfand, Houston, TX, for City of League City, Texas.

John Joseph Hightower, Olson & Olson, Houston, TX, for Brian Fletchall.

## ORDER

KENT, District Judge.

This lawsuit arises from Plaintiff's claims that Defendant Fletchall sexually assaulted her while she was in custody of the League City Police as a pretrial detainee. Plaintiff asserts various causes of action against Fletchall, including claims under 42 U.S.C. § 1983 for violations of her Fourteenth Amendment rights, claims under the Texas Tort Claims Act, and state law claims of assault and battery, and intentional infliction of emotional distress. Now before the Court is Defendant Brian Fletchall's Motion to Dismiss or, in the Alternative, to Quash Service of Process, filed on November 10, 1997.[1] For the reasons set forth below, the Motion is **DENIED.**

Fletchall moves to dismiss himself from this case pursuant to FED. R. CIV. P. 12(b)(5) for insufficiency of service or process. Plaintiff has responded to the Motion to Dismiss, stating that her process server, Ralph Brannen, properly served Defendant Fletchall at the Defendant's only known address.[2] That address is a private post office box in Studio City, California. Brannen attempted service at that address on July 18, 1997, and spoke with an employee who confirmed Fletchall's address and post box number. On July 28, 1997, Brannen spoke with an employee named John Blakely, who was in charge of the private post boxes. Blakely confirmed that Fletchall was still the user of the post box, and accepted the papers, assuring Brannen that he would see to it that Fletchall received them personally. Brannen mailed a copy of all the documents to Fletchall at the address of substituted service, two times: first, on July 28, 1997 by first class mail, and second on September 21, 1997 by certified mail, return receipt requested. The second set of documents mailed by Brannen were received by John Blakely on September 22,

1997. On October 23, 1997, Brannen spoke with Blakely, who informed Brannen that he had personally given the Summons, Complaint, and all other documents to Fletchall. Blakely also informed Brannen that it was his responsibility, as the person in charge of the private post boxes, to receive certified mail for the Post Box Renters.

Under the Federal Rules of Civil Procedure, service "may be effected in any judicial district of the United States ... by delivering a copy of the summons and of the complaint to an agent authorized by appointment *or by law* to receive service of process." FED. R. CIV. P. 4(e)(2) (emphasis added). Therefore, the Court looks to California law to determine whether Brannen, as the person in charge of the private post office boxes, was authorized by law to receive service of process.

California law provides:

[i]f a copy of the summons and of the complaint cannot with reasonable diligence be personally delivered to the person to be served as specified in [other provisions providing for service of process], a summons may be served by leaving a copy of the summons and of the complaint at such person's ... usual mailing address *other than a United States Postal Service post office box,* in the presence of a competent ... person apparently in charge of his or her ... usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

1. An Amended Motion was filed on December 8, 1997.

2. Because Fletchall was not represented by counsel apparently until the filing of his Motion to Dismiss, service under FED. R. CIV. P. 5(b). Also, according to an affidavit from a Harris County process server first assigned to serve Fletchall with the summons, the server first attempted service at Fletchall's place of employment, the Houston Police Department, but was informed he no longer worked there. She next attempted service at his Houston residence, and was informed that he had moved to California. She attempted service once more, at the District Attorney's office in Galveston, where Fletchall was supposed to attend a hearing, but was unable to serve him.

CAL. CIV. PROC. CODE § 415.20(b) (West 1997) (emphasis added).

Fletchall relies on a federal district court case, *Bonita Packing Co. v. O'Sullivan,* 165 F.R.D. 610 (C.D.Cal.1995), to argue that delivery of the summons and complaint to Blakely is not effective service on Fletchall. The *Bonita* court found that "[t]he owner of a private post office box company is not a person who has a sufficient relationship to the renter of a private post office box to assure that the renter will receive actual notice of a pending legal proceeding." *Id.* at 614. The Court also likened private post office boxes to United States Postal Service boxes, and opined that the California legislature had shown its intention to preclude service at post office boxes in general. *Id.* This Court respectfully disagrees with *Bonita.*[3] By the clear and unequivocal language of the California statute, the California legislature has mandated that service at a person's usual mailing address *other than* a United States Postal Service post office box is effective. Had the legislature intended that service be effective only at mailing addresses other than *any* post office box, it would have omitted the descriptive language "United States Postal Service" preceding "post office box." Clearly, the legislature felt it necessary to clarify which types of post office boxes which were excluded from the rule. By implication, service is proper on private post office boxes.[4]

Therefore, the Court finds that, under California law as expressed by the clear and unambiguous language of CAL. CODE CIV. PROC. 415.20(b), service on Brian Fletchall was properly effected as of September 7, 1997, or alternatively as of October 1, 1997.[5] Accordingly, Defendant Brian Fletchall's Mo-

tion to Dismiss or, in the Alternative, to Quash Service of Process is emphatically **DENIED.** Defendant Fletchall is **ORDERED** to file an Answer to Plaintiff's Complaint forthwith, pursuant to the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

---

3. The language quoted in *Bonita* is arguably dicta, since the holding was largely premised on the fact that service on the defendant's attorney was readily available, but not utilized by the plaintiff. *Bonita,* 165 F.R.D. at 614; *see* FED R. CIV. P. 5(b). "Even if not legally deficient, the method of service selected by intervening plaintiffs was, thus, insufficient because a better method of service was easily available." *Bonita,* 165 F.R.D. at 614. In this case, service under Rule 5(b) was not possible, as Fletchall was not represented by counsel until the filing of the instant Motion to Dismiss.

4. The Court notes also that Defendant Fletchall has apparently been intentionally evading service of process in this case. He willfully removed himself from this state after the occurrence of the facts made the basis of this lawsuit, and the Court refuses to allow him to capitalize on his purposeful avoidance by subscribing to a strained and unnatural interpretation of an unambiguous statute.

5. These dates represent a time period of ten days after the mailing of a copy of the summons and complaint subsequent to substituted service. The mailing was accomplished first on July 28, 1997, and second on September 21, 1997.