Bret GRAHAM, Petitioner—Appellant,

v.

**UNITED STATES of America, Respondent—Appellee.**

No. 03–15240.

D.C. No. CV–01–00593–JCM.

United States Court of Appeals, Ninth Circuit.

Submitted June 2, 2003.*

Decided Nov. 5, 2003.

**11.** *Andrade*, 123 S.Ct. at 1175.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Bret Graham, Long Beach, CA, pro se.

Keith S. Blair, U.S. Department of Justice, Richard Farber, Esq., John A. Nolet, Attorney, DOJ—U.S. Department of Justice, Washington, DC, Daniel G. Bogden, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Respondent–Appellee.

Before CHOY, FARRIS, and LEAVY, Circuit Judges.

## MEMORANDUM**

Bret Graham appeals pro se the district court's summary judgment in favor of the United States in Graham's action challenging the Internal Revenue Service's ("IRS")

determination that frivolous tax return penalties under Internal Revenue Code § 6702 were properly assessed against him and that collection of those penalties by the IRS could proceed. We have jurisdiction under 28 U.S.C. § 1291 and, after de novo review, we vacate and remand with instructions to dismiss the action for insufficient service of process.

The government raised the defense of insufficient service of process in its first responsive motion in the district court, asserting that Graham did not, as required by Fed.R.Civ.P. 4(i), effect service of process of the action on the Attorney General and the United States Attorney. Graham conceded that he did not effect service of process on the government on the manner required by Fed.R.Civ.P. 4(i) and asked that his failure to properly serve the United States be excused based on his pro se status and the apparent constructive service on the United States. The district court did not rule on the government's motion to dismiss.

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4." *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir.1986). However, service under Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988) (quotation omitted). In order for the sufficient notice exception to apply, there must be a justifiable excuse for the defect. *Daly–Murphy v. Winston,* 837 F.2d 348, 355 n. 4. (9th Cir.1987). Further, unless there is "substantial compliance" with Rule 4, even actual notice will not provide personal jurisdiction.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir.1982).

Here the government received sufficient notice of the complaint. However, Graham's pro se status, alone, is not . a justifiable excuse for the defect. *See Hamilton v. Endell,* 981 F.2d 1062, 1065 (9th Cir.1992). Moreover, Graham's mailing of a copy of his pleading to the local IRS office without a summons from the court does not constitute substantial compliance with Rule 4. *See Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).

VACATED and REMANDED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.