**Jim Dale DAVIS, Plaintiff,**

v.

**Sylvia GARCIA, Warden, Defendant.**

**No. CV 03–9158–RT(JWJ).**

United States District Court,
C.D. California.

Oct. 28, 2004.

---

IT IS ORDERED that (1) the Court accepts and adopts the Report, (2) the FAC is dismissed without prejudice, and (3) judgment be entered dismissing the action without prejudice.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

JOHNSON, United States Magistrate Judge.

This Report and Recommendation is submitted to the Hon. Robert J. Timlin, United States District Judge, by United States Magistrate Judge Jeffrey W. Johnson, pursuant to 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that the instant Civil Rights Complaint be dismissed without prejudice.

Jim Dale Davis, in Pro Per, for Plaintiff.

G. Michael German, Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Defendants.

## ORDER (1) ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND (2) DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT

TIMLIN, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has read and considered the First Amended Complaint ("FAC"), the Court's order of June 2, 2004, the Court's Order to Show Cause ("OSC") to Defendant, dated September 15, 2004, the Defendant's response to the OSC, the United States Magistrate Judge's ("Magistrate") Report and Recommendation ("Report"), and all of the records and files herein. The Court has made a de novo review and determination of those portions of that Report to which Plaintiff has objected.

## I. BACKGROUND

On December 18, 2003, plaintiff Jim Dale Davis, a state prisoner proceeding *pro se,* filed in this Court a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" (hereinafter "Complaint"). Noting that the Complaint was not signed by plaintiff, this Court allowed petitioner ten days in which to file a signed Amended Complaint. On January 28, 2004, plaintiff filed an Amended Complaint. On May 12, 2004, this Court ordered plaintiff to serve defendants within 120 days of filing the Complaint, as required by Federal Rule of Civil Procedure 4(m). (5/12/04 Minute Order, p. 1.) Plaintiff was informed that the 120–day period would expire on May 28, 2004. (*Id.*) On June 2, 2004, this Court granted plaintiff a 60–day extension of time to effectuate service. On June 25, 2004, plaintiff filed a Proof of Service of the Summons and Complaint.

Having not received a response from defendant, on September 15, 2004, this Court issued an Order to Show Cause why an Answer had not been filed. On September 24, 2004, defendant filed a "Response to Order to Show Cause" (hereinafter "Response").

For the reasons discussed below, it is recommended that the instant Complaint be dismissed without prejudice.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides that a district court upon its own initiative shall dismiss an action where a summons and complaint has not been served within 120 days after the filing of the complaint. Defendant argues that the Complaint must be dismissed because plaintiff's Proof of Service is deficient and, thus, plaintiff has not fulfilled his obligation of effectuating service within the 120-day period. (Response, pp. 2–3.)

Rule 4(c)(2) of the Federal Rules of Civil Procedure states that "[s]ervice may be effected by any person who is *not* a party and who is at least 18 years of age." Fed.R.Civ. P., Rule 4(c)(2) (emphasis added); *see also Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (fellow inmates, but not the plaintiff/inmate himself, allowed to serve inmate's complaint against prison guards). Plaintiff's June 25, 2004 Proof of Service is signed by plaintiff himself. (6/25/04 Proof of Service, p. 2.)

In addition, plaintiff's Proof of Service indicates that service was made under Rule 5(b) of the Federal Rules of Civil Procedure. (*Id.* at 1.) However, Rule 5 applies to "every pleading subsequent to the original complaint." Moreover, plaintiff failed to indicate in paragraph 1 of the Proof of Service (filed June 25, 2004) what document was being served. (*Id.*) Finally, it appears that plaintiff simply served a copy of the Summons and Complaint, without including a waiver of service or notice and acknowledgment form as required by state and federal law. Cal.Code of Civ. Proc. § 415.30; Fed.R.Civ.P. 4(e)(1).

In light of the defects in service described above, it appears that plaintiff has failed to effect proper service within the allotted time period. Thus, it is recommended that the Amended Complaint be dismissed without prejudice.

## RECOMMENDATION

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered dismissing the instant action without prejudice pursuant to Federal Rules of Civil Procedure 4.

Oct. 4, 2004.

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file Objections as provided in the Local Rules and review by the District Judge whose initials—appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.