**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES N. BROWN, | No. 09-35040 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-01238-BR |
| v. | |
| CARNEVALE, DR.; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Charles N. Brown, an Oregon state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his safety and serious medical needs while he was a pretrial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PDM/Research

detainee at Washington County Jail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 4(m), *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990), and de novo its grant of summary judgment, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir. 2002), and we affirm.

The district court did not abuse its discretion by dismissing Brown's claims against defendants Carnevale, Nowack and Doe for lack of personal jurisdiction. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.").

The district court properly granted summary judgment in favor of defendants Prison Health Services and Washington County because Brown failed to present any evidence that a specific official policy or custom deprived him of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978) (holding that municipalities cannot be held liable under a theory of respondeat superior but can be held liable when the constitutional deprivation arises from an impermissible governmental policy or custom); *see also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (explaining that the party opposing

summary judgment must present "significant probative evidence tending to support its claim that material, triable issues of fact remain").

The district court properly granted summary judgment for defendants Theissen, Diamond, and Gordon, because Brown failed to present any evidence supporting his claim that they violated his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (providing that an official can be liable under § 1983 only "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation" at hand) (emphasis in original); *see also Sanchez*, 891 F.2d at 242.

Brown failed to raise a triable issue as to whether defendant Kravitz purposefully ignored or failed to respond to Brown's medical needs by denying his inmate appeals. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (holding that prison officials manifest a deliberate indifference to a prisoner's medical needs if they intentionally deny, delay or interfere with medical treatment).

The district court properly granted summary judgment for defendants Lyons and Pope because Brown failed to demonstrate a triable issue as to whether they were aware of and disregarded a serious threat to his safety. *See Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]").

Brown's remaining contentions are unpersuasive.

**AFFIRMED**.