**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVE ALAN MAHONEY,

          Plaintiff - Appellant,

    v.

KITSAP COUNTY JAIL; et al.,

          Defendants - Appellees.

No. 11-35169

D.C. No. 3:10-cv-05140-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

    Former Washington state prisoner Steve Alan Mahoney appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a judgment on the pleadings under Fed. R. Civ. P. 12(c) and dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005). We affirm.

The district court properly dismissed with prejudice the claims against defendant Johnson because Mahoney's factual allegations and the attachments to the operative complaint show that Johnson did not act with deliberate indifference to Mahoney's medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety; negligence and a mere difference in medical opinion are insufficient to establish deliberate indifference); *Nat'l Ass'n. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (explaining "we may consider facts contained in documents attached to the complaint" in determining whether the complaint states a claim for relief).

The district court properly granted Kitsap County Jail's motion to dismiss with prejudice because the jail is not a legal entity subject to suit under § 1983. *See* Wash. Rev. Code § 4.96.010(2). The district court did not abuse its discretion in denying Mahoney's motion to amend the complaint to substitute Kitsap County as the municipal defendant because such an amendment would be futile. *See*

*Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (setting forth standard of review and noting that "[f]utility alone can justify the denial of a motion to amend" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing without prejudice the claims against defendants Luce and Jeuuk because Mahoney failed to effectuate service in a timely manner. *See Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994) (setting forth standard of review and holding that an incarcerated pro se plaintiff proceeding in forma pauperis must provide the marshal with sufficient information necessary for service), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.").

Mahoney's remaining contentions are unpersuasive.

**AFFIRMED.**