**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AZIZ SAFOUANE; SARAH
SAFOUANE,

           Plaintiffs - Appellants,

  v.

STEPHEN HASSETT; et al.,

           Defendants - Appellees.

No. 10-35419

D.C. No. 2:00-cv-00621-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted October 10, 2012[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Aziz and Sarah Safouane ("the Safouanes") appeal pro se from the district court's judgment in their 42 U.S.C. § 1983 action alleging a constitutional violation and a state law malicious prosecution claim. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010) (dismissal of a claim for lack of personal jurisdiction); *Tucker v. Baxter Healthcare*, 158 F.3d 1046, 1049 (9th Cir. 1998) (grant of summary judgment based on the statute of limitations); *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001) (grant of summary judgment).

The district court properly dismissed the 42 U.S.C. § 1983 claim against the foster parents and social workers because the Safouanes failed to effect proper service of the summons and complaint and the foster parents and social workers did not waive their defense of lack of personal jurisdiction when they did not raise the defense during the Safounes' initial appeal. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (explaining that actual notice is insufficient to confer personal jurisdiction over a defendant if service does not substantially comply with Rule 4); *see also* Fed. R. Civ. P. 12(g), (h)(1) (describing when defense is waived); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998) (declining to find waiver "[i]n the absence of other factors militating in favor of finding of waiver" when defendants had complied with Rule 12).

The district court properly concluded that the 42 U.S.C. § 1983 claim against the remaining defendants is time-barred because the Safouanes knew more than three years before they filed their complaint that their children may have been

abused in foster care.  *See* Wash. Rev. Code § 4.16.080(2) (three-year statute of limitations for personal injury claims); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (state law governs statue of limitations period and closely related questions of tolling for § 1983 suits and a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action ); *Western Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1157 (9th Cir. 2000) .  The Safouanes have not alleged a basis for equitably estopping the defendants from asserting a statute of limitations defense.  *See Perez v. Garcia*, 198 P.3d 539, 545 (Wash. Ct. App. 2009) (equitable tolling terminates when plaintiff "could have known" of alleged wrong).  We reject the Safouanes' assertion that the district court prematurely granted summary judgment on the basis of the statute of limitations.

The district court properly granted summary judgment for the King County deputy sheriffs on Ms. Safouane's state-law malicious prosecution claim because Ms. Safouane failed to raise a genuine dispute of material fact as to whether these defendants made a full and fair disclosure, in good faith, to the prosecutor.  *Peasley v. Puget Sound Tug & Barge Co.*, 125 P.2d 681, 687-88 (Wash. 1942).

The district court did not abuse its discretion by denying the Safouanes' motions for reconsideration because the Safouanes failed to establish a basis

warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The Safouanes' remaining contentions are unpersuasive.

**AFFIRMED.**

10-35419