NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRYLYN McCAIN, | No.   11-17907 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-03170-JAM-CKD |
| v. | |
| STOCKTON POLICE DEPARTMENT, DBA City of Stockton; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Terrylyn McCain appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging constitutional claims arising from

a traffic stop and her subsequent arrest.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a judgment on the pleadings under Federal Rule of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 12(c). *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005). We affirm.

The district court properly dismissed McCain's Fourth Amendment claims relating to the traffic stop and her later arrest because McCain failed to allege facts sufficient to show that defendants did not have reasonable suspicion for the traffic stop and a reasonable basis to execute an arrest warrant. *See Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (an arrest pursuant to a warrant satisfies the Fourth Amendment if an arresting officer has a good faith, reasonable belief that the arrestee is the subject of the warrant); *United States v. Hartz*, 458 F.3d 1011, 1017 (9th Cir. 2006) ("A police-initiated traffic stop is reasonable under the Fourth Amendment if the police stop the vehicle because of a 'reasonable suspicion' that the vehicle's occupants have broken a law." (citation omitted)).

The district court properly dismissed McCain's Fourth Amendment claim relating to the search of her property following the custodial arrest. *See United States v. Edwards*, 415 U.S. 800, 802 (1974) (the Fourth Amendment permits warrantless searches incident to custodial arrest).

The district court properly dismissed McCain's claims relating to impound of her vehicle because McCain failed to allege facts sufficient to show that

defendants did not have a reasonable belief that she was operating the vehicle illegally on a public right of way. *See Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) ("The violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation."); *see also Hallstrom v. City of Garden City*, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993) (no due process violation where, consistent with an independent community caretaking function, officer arranged for the plaintiff's vehicle to be towed after pulling her over for a traffic violation).

The district court properly dismissed McCain's Fifth Amendment claim relating to defendants' alleged violation of her privilege against self-incrimination because McCain failed to allege facts sufficient to show that disclosing her full name violated her rights against self-incrimination. *See Hiibel v. Sixth Judicial Dist. Court of Nev.*, 542 U.S. 177, 190-91 (2004) (no Fifth Amendment violation absent evidence that a person's refusal to disclose his name was based on real and appreciable fear that it would be used to incriminate him); *United States v. Bohn*, 622 F.3d 1129, 1137 (9th Cir. 2010) (a defendant's disclosure of name and identification has no incriminating effect where police officer knows who defendant is and what he has done, such as where a traffic violation occurs in the

3                                                                          11-17907

officer's presence).

The district court properly dismissed McCain's claims under the First, Fifth, Sixth, and Fourteenth Amendments, her claim relating to her right to interstate travel, and her claim alleging cruel and unusual punishment because McCain failed to allege facts sufficient to state plausible claims. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (due process claim requires a constitutionally protected liberty interest); *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (Fifth Amendment's due process clause applies only to actions of the federal government); *Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999) (there is no fundamental right to drive a motor vehicle).

The district court did not abuse its discretion in setting aside entry of default against defendant Duran because McCain had not yet properly served the defendant. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (setting forth standard of review and noting that a court is without jurisdiction unless there has been proper service).

11-17907

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**