**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK A. BLANKENSHIP, | No. 16-15862 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00168-LEK-KJM |
| v. | |
| D. SHINN, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Mark. A. Blankenship, a federal prisoner, appeals pro se from the district

court's summary judgment and dismissal order in his action under *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

alleging deliberate indifference to his serious medical needs while he was a pretrial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and summary judgment. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment for Warden Shinn because, under any potentially applicable standard, Blankenship failed to raise a genuine dispute of material fact as to whether Warden Shinn knew of or disregarded an excessive risk to Blankenship's back problem. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (in considering the conditions of pretrial detention, courts consider whether the conditions amount to punishment); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if the official knows of and disregards an excessive risk to a prisoner's health); *c.f. Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee).

The district court properly dismissed Blankenship's claim against Shellko because, under any potentially applicable standard, Blankenship failed to allege facts sufficient to show that Shellko knew of or disregarded an excessive risk to Blankenship's back problem. *See Bell*, 441 U.S. at 535; *Toguchi*, 391 F.3d at 1057; *c.f. Castro*, 833 F.3d at 1071.

16-15862

The district court did not abuse its discretion in denying Blankenship's motion for default judgment because defendants had not yet been properly served at the time of Blankenship's motion. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (setting forth standard of review and noting that a court is without jurisdiction unless there has been proper service).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**